B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Karavidas, Theodore G** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Karavidas, Kathleen D** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA Ted Karavidas** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-5030** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-4721** |
| Street Address of Debtor (No. and Street, City, and State):<br>**3326 Elmdale**<br>**Glenview, IL**<br><br>ZIP Code **60025** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**3326 Elmdale**<br>**Glenview, IL**<br><br>ZIP Code **60025** |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business:<br>**Cook** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Type of Debtor
(Form of Organization) (Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)

■ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Chapter 15 Debtors

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

### Tax-Exempt Entity
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Nature of Debts
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
■ Debts are primarily business debts.

### Filing Fee (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information      *** Donna B. Wallace 6200260 ***

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

#### Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

#### Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

#### Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**B1 (Official Form 1)(04/13)** Page 2

| Voluntary Petition<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Karavidas, Theodore G**<br>**Karavidas, Kathleen D** |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                                    Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

| | Name of Debtor(s): |
| --- | --- |
| | **Karavidas, Theodore G** |
| | **Karavidas, Kathleen D** |

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Theodore G Karavidas**
Signature of Debtor  **Theodore G Karavidas**

X  **/s/ Kathleen D Karavidas**
Signature of Joint Debtor **Kathleen D Karavidas**

Telephone Number (If not represented by attorney)

**April  8, 2013**
Date

### Signature of Attorney*

X  **/s/ Donna B. Wallace**
Signature of Attorney for Debtor(s)

**Donna B. Wallace 6200260**
Printed Name of Attorney for Debtor(s)

**Baldi Berg & Wallace, Ltd.**
Firm Name

**19 South LaSalle Street**
**Suite 1500**
**Chicago, IL 60603**

Address

Email: jabaldi@ameritech.net
**312-726-8150  Fax: 312-332-4629**
Telephone Number

**April  8, 2013**
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Theodore G Karavidas**
    **Kathleen D Karavidas**
_____
Debtor(s)

Case No. _____

Chapter **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Theodore G Karavidas**
                        **Theodore G Karavidas**

Date:   **April  8, 2013**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Theodore G Karavidas**
     **Kathleen D Karavidas**
                         Debtor(s)

Case No.

Chapter   **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

      ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

      ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

      ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/ Kathleen D Karavidas**
                              **Kathleen D Karavidas**

Date:  **April  8, 2013**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## Northern District of Illinois

In re   **Theodore G Karavidas,**
      **Kathleen D Karavidas**

Case No. _____

,

Debtors

Chapter             **7**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 1,008,000.00 | | |
| B - Personal Property | Yes | 4 | 451,606.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 765,000.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 24,923.85 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | 1,128,167.18 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 12,455.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 12,084.00 |
| Total Number of Sheets of ALL Schedules | | 21 | | | |
| Total Assets | | | 1,459,606.00 | | |
| Total Liabilities | | | | 1,918,091.03 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Theodore G Karavidas,**
      **Kathleen D Karavidas**                  Case No. _____

                                           Debtors      Chapter _____ **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com

B6A (Official Form 6A) (12/07)

In re   **Theodore G Karavidas,**                                     Case No. _____

 **Kathleen D Karavidas**

                                            Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Location: 3326 Elmdale, Glenview IL 60025 Single Family Home** | **Tenant by Entireties** | **J** | **600,000.00** | **765,000.00** |
| **Commercial Building located at 4127-29 W. Lawrence, Chicago, IL  60630 Tenant in Common with Mother & Sister (Mother & Sister are Joint tenants) Market value is net after $300,000 mortgage** | **Tenant in Common** | **J** | **408,000.00** | **0.00** |

|  | | |
|---|---|---|
| Sub-Total > | **1,008,000.00** | (Total of this page) |
| Total > | **1,008,000.00** |  |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                      Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re    **Theodore G Karavidas,**                                    Case No. _____
         **Kathleen D Karavidas**

_____,
                    Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash on hand**<br>**Location: 3326 Elmdale, Glenview IL 60025** | J | 7,000.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Glenview State Bank account ending in 9322**<br><br>**Harris Bank account ending in 5445** | J<br><br>H | 950.00<br><br>156.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Furniture, TV's appliances, computer, audion and video equipment, telephones & furnishings** | J | 4,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Books, family photos, porcelain figures, vinyl records, cds** | J | 300.00 |
| 6.  Wearing apparel. | | **Business & casual clothing**<br><br>**Fur coat & jewelry** | J<br><br>J | 2,000.00<br><br>1,000.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | **Bicycles, cameras & golf clubs** | J | 500.00 |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >            **15,906.00**
(Total of this page)

__3__   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                        Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Theodore G Karavidas,**                                                    Case No. _____
      **Kathleen D Karavidas,**

_____,
                Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >       **0.00**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                             Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Theodore G Karavidas,**
     **Kathleen D Karavidas,**

Case No. _____

,
Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Rent due from Maries Liquors Inc.** **Note:  Marie's Pizza & Liquors is owned by Debtor's sister and occupies the W. Lawrence Building formerly owned by Ted's father and now owned by Ted, his mother & sister.  The building & debtor's entitlement to rent has been the subject of a contentious family dispute which has spawned litigation.** | H | 300,000.00 |
| | | **Interest in the Estate of George Karavidas** | J | Unknown |
| | | **Net interest in contingent fees which may settle** | H | 113,500.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2007 Acura MDX with 100,000 miles - some body damage** | J | 12,900.00 |
| | | **2007 Ford Expedition (110,000 miles and some body damage)** | J | 7,300.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Fax machine, copier, desk, file cabilets, office supplies** | H | 2,000.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **family pets - dog, guinea pig & fish** | J | 0.00 |

Sub-Total >          435,700.00
(Total of this page)

Sheet  **2**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Theodore G Karavidas,**
        **Kathleen D Karavidas,**                                    Case No. _____

                                    _____,
                                    Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total >  | 0.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 451,606.00 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/13)

In re  **Theodore G Karavidas,**
      **Kathleen D Karavidas**

                                         ,
                          Debtors

Case No. _____

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Location: 3326 Elmdale, Glenview IL 60025 Single Family Home** | **735 ILCS 5/12-901** | **30,000.00** | **600,000.00** |
| **Cash on Hand** | | | |
| **Cash on hand** | **735 ILCS 5/12-1001(b)** | **7,000.00** | **7,000.00** |
| **Location: 3326 Elmdale, Glenview IL 60025** | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Glenview State Bank account ending in 9322** | **735 ILCS 5/12-1001(b)** | **950.00** | **950.00** |
| **Harris Bank account ending in 5445** | **735 ILCS 5/12-1001(b)** | **50.00** | **156.00** |
| **Wearing Apparel** | | | |
| **Business & casual clothing** | **735 ILCS 5/12-1001(a)** | **100%** | **2,000.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2007 Acura MDX with 100,000 miles - some body damage** | **735 ILCS 5/12-1001(c)** | **4,800.00** | **12,900.00** |
| **Office Equipment, Furnishings and Supplies** | | | |
| **Fax machine, copier, desk, file cabilets, office supplies** | **735 ILCS 5/12-1001(d)** | **2,000.00** | **2,000.00** |

                  Total:        **46,800.00**       **625,006.00**

__0__  continuation sheets attached to Schedule of Property Claimed as Exempt

**B6D (Official Form 6D) (12/07)**

In re    **Theodore G Karavidas,**                    Case No. _____
         **Kathleen D Karavidas**

                                 Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

      State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

      List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

      If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

      If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

      Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. | | | | **2002** | | | | | |
| | | | | **First Mortgage** | | | | | |
| **Chase Home Finance, LLC** | | | | **Single Family Home  Location: 3326** | | | | | |
| **c/o Golan & Christie** | | | | **Elmdale, Glenview IL 60025** | | | | | |
| **70 West Madison, Suite 1500** | | | J | **Purchased by Peoples Bank of Arlington** | | | | | |
| **Chicago, IL 60602** | | | | **Heights** | | | | | |
| | | | | Value $         **600,000.00** | | | | **300,000.00** | **0.00** |
| Account No. | | | | | | | | | |
| | | | | **Representing:** | | | | | |
| **Peoples Bank of Arlington Heights** | | | | **Chase Home Finance, LLC** | | | | **Notice Only** | |
| **c/o Golan & Christie** | | | | | | | | | |
| **70 West Madison, Suite 1500** | | | | | | | | | |
| **Chicago, IL 60602** | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | **Equity Line of Credit** | | | | | |
| | | | | | | | | | |
| **Peoples Bank of Arlington Heights** | | | | **Location: 3326 Elmdale, Glenview IL** | | | | | |
| **c/o Golan & Christie** | | | | **60025 Equity Line of Credit for Debtor's** | | | | | |
| **70 West Madison, Suite 1500** | | | J | **Business secured by Residence** | | | | | |
| **Chicago, IL 60602** | | | | **Single Family Home** | | | | | |
| | | | | Value $         **600,000.00** | | | | **465,000.00** | **165,000.00** |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| **0** continuation sheets attached | | | | | | Subtotal (Total of this page) | | **765,000.00** | **165,000.00** |
| | | | | | | Total (Report on Summary of Schedules) | | **765,000.00** | **165,000.00** |

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

B6E (Official Form 6E) (4/13)

.

In re    **Theodore G Karavidas,**            Case No. _____
         **Kathleen D Karavidas,**

                                    Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

_____1_____ continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re      **Theodore G Karavidas,**                                    Case No. _____
           **Kathleen D Karavidas**

                                                                ,
                                              Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts**
**Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | AMOUNT ENTITLED TO PRIORITY |
| Account No. | | | | | | | | | 0.00 |
| **Illinois Department of Revenue Bankruptcy Section Level 7-425 100 W. Randolph Street Chicago, IL 60606** | J | | | | | | | 3,818.00 | 3,818.00 |
| Account No. **xxxxxx xx 5030** | | | | **2009** | | | | | 0.00 |
| **Internal Revenue Service Mail Stop 5010 CHI 230 S. Dearborn Chicago, IL 60604** | J | | | **1040 taxes, interest & penalties** | | | | 4,107.85 | 4,107.85 |
| Account No. **xxxxxx xx 5030** | | | | **2011** | | | | | 0.00 |
| **Internal Revenue Service Mail Stop 5010 CHI 230 S. Dearborn Chicago, IL 60604** | J | | | **1040 taxes, interest & penalties** | | | | 16,998.00 | 16,998.00 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal | 0.00 | |
| (Total of this page) | 24,923.85 | 24,923.85 |
| Total | 0.00 | |
| (Report on Summary of Schedules) | 24,923.85 | 24,923.85 |

B6F (Official Form 6F) (12/07)

In re   **Theodore G Karavidas,**
      **Kathleen D Karavidas,**

Case No. _____

                                      Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxx5943<br><br>**American Express**<br>**Po Box 3001**<br>**16 General Warren Blvd**<br>**Malvern, PA 19355** | | W | **Opened  5/01/90  Last Active 10/11/08**<br>**Credit Card** | | | | **23,213.00** |
| Account No.<br><br>**NCO Financial Systems**<br>**507 Prudential Road**<br>**Horsham, PA 19044** | | | **Representing:**<br>**American Express** | | | | **Notice Only** |
| Account No. xxxx-xxxxxx-x1005<br><br>**American Express**<br>**Po Box 3001**<br>**16 General Warren Blvd**<br>**Malvern, PA 19355** | | W | **Revolving**<br>**Credit Card Purchases** | | | | **Unknown** |
| Account No.<br><br>**NCO Financial Systems**<br>**507 Prudential Road**<br>**Horsham, PA 19044** | | | **Representing:**<br>**American Express** | | | | **Notice Only** |

    **7**    continuation sheets attached

| | Subtotal<br>(Total of this page) | **23,213.00** |
|---|---|---|

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com

S/N:26190-130401   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Theodore G Karavidas,**
      **Kathleen D Karavidas,**

Case No. _____

_____ ,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxxxx-x2009**<br><br>**American Express**<br>**Po Box 3001**<br>**16 General Warren Blvd**<br>**Malvern, PA 19355** | | W | **Revolving**<br>**Credit purchases** | | | | **513.00** |
| Account No.<br><br>**Anthony Siragusa**<br>**505 N. McClurg Court**<br>**Chicago, IL 60611** | | H | **2010**<br>**Business loan** | | | | **16,000.00** |
| Account No. **xxxxxx3124**<br><br>**Armor Systems Co**<br>**1700 Kiefer Dr**<br>**Ste 1**<br>**Zion, IL 60099** | | W | **Opened  2/01/12**<br>**Collection Attorney Swedish Covenant Hospital** | | | | **133.00** |
| Account No. **xxxxx3864**<br><br>**Asset Acceptance Llc**<br>**Po Box 1630**<br>**Warren, MI 48090** | | H | **Opened  6/01/11  Last Active 12/02/11**<br>**Factoring Company Account Citibank Choice Visa** | | | | **1,098.00** |
| Account No.<br><br>**Asset Acceptance, LLC**<br>**P.O. Box 2036**<br>**Warren, MI 48090** | | | **Representing:**<br>**Asset Acceptance Llc** | | | | **Notice Only** |

Sheet no. __**1**__ of __**7**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**17,744.00**

4/08/13 3:07PM

B6F (Official Form 6F) (12/07) - Cont.

In re    **Theodore G Karavidas,**
     **Kathleen D Karavidas,**

Case No. _____

_____,

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx-xxxx-6653**<br><br>**Asset Recovery Solutions**<br>**2200 E. Devon**<br>**Des Plaines, IL 60018-4501** | | J | Collections for US Bank, N.A, noe Resurgence | | | | 1,208.00 |
| Account No. **xxxxxx xx 0521**<br><br>**Bank of America**<br>**Attn: Bankruptcy - Dept NC4-1050314**<br>**P.O. Box 26012**<br>**Greensboro, NC 27420** | | W | Revolving<br>Credit purchases | | | | 10,245.00 |
| Account No.<br><br>**Richard J. Boudreau & Assoc.**<br>**6 Manor Parkway**<br>**Salem, NH 03079** | | | Representing:<br>Bank of America | | | | Notice Only |
| Account No. **xxxxxxxxxxxx9952**<br><br>**Best Buy**<br>**Retail Services**<br>**P.O. Box 15521**<br>**Wilmington, DE 19850-5521** | | W | Revolving<br>Credit Card Purchases | | | | Unknown |
| Account No. **xxxxxxxxxxxx8465**<br><br>**Cap One**<br>**26525 N Riverwoods Blvd**<br>**Mettawa, IL 60045** | | W | Opened  1/01/12  Last Active  3/20/13<br>Credit Card | | | | 401.00 |

Sheet no. __**2**__ of __**7**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**11,854.00**

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Theodore G Karavidas,**                                          Case No. _____
         **Kathleen D Karavidas,**
_____,
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. xxxxxxxxxxx9197 **Capital 1 Bank** **Attn: Bankruptcy Dept.** **Po Box 30285** **Salt Lake City, UT 84130** | | W | | | Opened 2/01/05 Last Active 2/24/10 Credit Card | | | | 12,023.00 |
| Account No. **Freedman Anselmo** **1807 West Diehl Road, Suite 333** **PO Box 3228** **Naperville, IL 60566** | | | | | Representing: Capital 1 Bank | | | | Notice Only |
| Account No. **NCO Financial Systems** **507 Prudential Road** **Horsham, PA 19044** | | | | | Representing: Capital 1 Bank | | | | Notice Only |
| Account No. xxxxxxxxxx9197 **Capital One** **Bankruptcy Recovery Department** **PO Box 5155** **Norcross, GA 30091** | | W | | | Revolving Credit purchases | | | | Unknown |
| Account No. xx xxxx x0935, xxxxxx7862 **Credit Collection Services** **Two Wells Ave.** **Dept AMFA** **Newton Center, MA 02459** | | J | | | Insurance premium | | | X | 225.18 |

Sheet no. __3__ of __7__ sheets attached to Schedule of                    Subtotal                12,248.18
Creditors Holding Unsecured Nonpriority Claims                          (Total of this page)

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Theodore G Karavidas,**                                                    Case No. _____
       **Kathleen D Karavidas,**

_____,
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxxx4325**<br><br>**GEMB / ABT**<br>**PO Box 960061**<br>**Orlando, FL 32896-0061** | | J | **Revolving**<br>**Credit Card Purchases** | | | | **21,300.00** |
| Account No.<br><br>**Firsel Law Group**<br>**PO Box 1599**<br>**Lombard, IL 60148-8599** | | | **Representing:**<br>**GEMB / ABT** | | | | **Notice Only** |
| Account No. **xxxxxxxxxx0001**<br><br>**Hinsdale B&t**<br>**25 E First St**<br>**Hinsdale, IL 60521** | | H | **Opened 6/01/07 Last Active 10/14/08**<br>**Automobile** | | | | **17,357.00** |
| Account No.<br><br>**Donald L Newman & Assoc.**<br>**77 W. Washington**<br>**Suite 702**<br>**Chicago, IL 60602** | | | **Representing:**<br>**Hinsdale B&t** | | | | **Notice Only** |
| Account No.<br><br>**Illinois Department of Revenue**<br>**Bankruptcy Section Level 7-425**<br>**100 W. Randolph Street**<br>**Chicago, IL 60606** | | J | **2005-2008**<br>**1040 Taxes interest & penalties** | | | | **30,779.00** |

Sheet no. __4__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**69,436.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Theodore G Karavidas,**
     **Kathleen D Karavidas,**

                                       Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **xxxxxx xx 5030**<br><br>**Internal Revenue Service**<br>**Mail Stop 5010 CHI**<br>**230 S. Dearborn**<br>**Chicago, IL 60604** | | J | | | **2005 through 2008**<br>**1040 taxes, interest & penalties** | | | | **350,075.00** |
| Account No.<br><br>**James Young**<br>**680 N. Lake Shore Drive**<br>**Apt 621**<br>**Chicago, IL 60611** | | J | | | **Business loan** | | | | **10,000.00** |
| Account No.<br><br>**John Vondran**<br>**330 Euclid**<br>**Winnetka, IL 60093** | | J | | | **Business Loan** | | | | **5,000.00** |
| Account No.<br><br>**Lillian Karavidas**<br>**4941 N. Keeler**<br>**Chicago, IL 60630** | | H | | | **Dispute concerning line of credit placed against W. Lawrence Building by Debtor** | | | X | **300,000.00** |
| Account No.<br><br>**Nadine Karavidas**<br>**4941 N. Keeler**<br>**Chicago, IL 60630** | | | | | **Representing:**<br>**Lillian Karavidas** | | | | **Notice Only** |

Sheet no. __5__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**665,075.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Theodore G Karavidas,**
**Kathleen D Karavidas,**
Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. xxxxxxxxxxx0110 <br><br> Lvnv Funding Llc <br> Po Box 740281 <br> Houston, TX 77274 | | H | | | Opened  1/01/10 <br> Factoring Company Account Citibank  South Dakota  N.A. | | | | 30,628.00 |
| Account No. <br><br> Richard J. Boudreau & Assoc. <br> 6 Manor Parkway <br> Salem, NH 03079 | | | | | Representing: <br> Lvnv Funding Llc | | | | Notice Only |
| Account No. <br><br> Weltman, Weinberg & Reis Co, L.P.A. <br> 180 N. LaSalle St., Suite 2400 <br> Chicago, IL 60601 | | | | | Representing: <br> Lvnv Funding Llc | | | | Notice Only |
| Account No. <br><br> Maries Liquor, Inc <br> 4127-29 W. Lawrence <br> Chicago, IL 60630 | | H | | | Dispute concerning Debtor's operation of business while administering Father's estate | | | X | Unknown |
| Account No. <br><br> Michael & Lynn Koehler <br> 3 High Point Drive <br> Lake Zurich, IL 60047 | | J | | | Business Loan | | | | 5,000.00 |

Sheet no. **6** of **7** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

35,628.00

B6F (Official Form 6F) (12/07) - Cont.

In re  **Theodore G Karavidas,**
       **Kathleen D Karavidas,**                                        Case No. _____

_____,
                            Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxx6527<br><br>**Midland Funding**<br>**8875 Aero Dr Ste 200**<br>**San Diego, CA 92123** | | H | **Opened  3/01/10**<br>**Factoring Company Account Bank Of America** | | | | 18,086.00 |
| Account No.<br><br>**Mitchell Ex**<br>**5348 N. Wayne Street**<br>**Chicago, IL 60640** | | H | **2012**<br>**Legal Services** | | | | 3,383.00 |
| Account No.<br><br>**Perry Mandera, President**<br>**Custom Companies**<br>**317 W. Lake**<br>**Northlake, IL 60164-2433** | | J | **Business Loan** | | | | 20,000.00 |
| Account No.<br><br>**Rocky Quiroga**<br>**2408 Indian Ridge Drive**<br>**Chicago, IL 60626** | | J | **Business Loan** | | | | 1,500.00 |
| Account No.<br><br>**Susan Renschler**<br>**C/o Donald L Johnson**<br>**33 N Dearborn, Suite 1401**<br>**Chicago, IL 60602** | | H | **Malpractice suit & lawsuit for return of fees** | | X | X | 250,000.00 |

Sheet no. __7___ of __7___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal<br>(Total of this page) | 292,969.00 |
| Total<br>(Report on Summary of Schedules) | 1,128,167.18 |

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                      Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

.

In re     **Theodore G Karavidas,**                                                                      Case No. _____
          **Kathleen D Karavidas**

_____ ,
                                    Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature
of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and
complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Maries Liquor, Inc**<br>**4127-29 W. Lawrence**<br>**Chicago, IL 60630** | **Lease between Marie's Liquor as tenant and owners of 4127-29 W. Lawrence Chicago (Debtor 1/3 owner) Expires 2015 or 2016** |
| **Perry Mandera, President**<br>**Custom Companies**<br>**317 W. Lake**<br>**Northlake, IL 60164** | **Paid debtor $20,000 pursuant to an advance payment retention agreement, Debtor must still perform approximately $18,000 of work pursuant to agreement** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                                                      Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re   **Theodore G Karavidas,**
        **Kathleen D Karavidas,**                                          Case No. _____

_____,
                                Debtors

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re  **Theodore G Karavidas**
　　　**Kathleen D Karavidas**　　　　　　　　　　　　　　　Case No. _____

Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Daughter**<br>**Daughter**<br>**Son**<br>**Daughter** | AGE(S):<br>**10**<br>**13**<br>**15**<br>**18** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Attorney** | **Server** |
| Name of Employer | **Self Employed** | **Wildfire Restuarant** |
| How long employed | **25 yrs** | **3 years** |
| Address of Employer | **Of Counsel to Winston, McGibbon & Kuehn<br>102 N. Cook Street<br>Barrington, IL 60010** | **1300 Patriot Blvd.<br>Glenview, IL 60026** |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ 0.00 | $ 2,199.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 2,199.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a.  Payroll taxes and social security | $ 0.00 | $ 56.00 |
| b.  Insurance | $ 0.00 | $ 683.00 |
| c.  Union dues | $ 0.00 | $ 0.00 |
| d.  Other (Specify): | $ 0.00 | $ 0.00 |
|  | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 739.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 1,460.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 10,995.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
|  | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): | $ 0.00 | $ 0.00 |
|  | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 10,995.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 10,995.00 | $ 1,460.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 12,455.00 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

**B6I (Official Form 6I) (12/07)**

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**Notes - Debtor is self employed attorney who works primarily on a contingent fee basis- Income is based on 6 month average which includes a $50,000 fee earned in March, 2013.**

**Spouse is employed as a server.  Her sole source of income is tips.  Her income is based on a six month average**

B6J (Official Form 6J) (12/07)

In re    **Theodore G Karavidas**
      **Kathleen D Karavidas**                                Case No. _____
                                     Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

     Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐    Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | | |
|---|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | | | $ 0.00 |
|    a. Are real estate taxes included? | Yes ___ | No **X** | | |
|    b. Is property insurance included? | Yes ___ | No **X** | | |
| 2. Utilities:   a. Electricity and heating fuel | | | | $ 300.00 |
|             b. Water and sewer | | | | $ 50.00 |
|             c. Telephone | | | | $ 600.00 |
|             d. Other | | | | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | | | | $ 200.00 |
| 4. Food | | | | $ 2,000.00 |
| 5. Clothing | | | | $ 600.00 |
| 6. Laundry and dry cleaning | | | | $ 50.00 |
| 7. Medical and dental expenses | | | | $ 530.00 |
| 8. Transportation (not including car payments) | | | | $ 1,000.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | | | $ 200.00 |
| 10. Charitable contributions | | | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | | |
|             a. Homeowner's or renter's | | | | $ 0.00 |
|             b. Life | | | | $ 0.00 |
|             c. Health | | | | $ 0.00 |
|             d. Auto | | | | $ 350.00 |
|             e. Other **Long term Care** | | | | $ 35.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | | |
|      (Specify)    **Income & Self-employment Taxes** | | | | $ 3,600.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | | |
|             a. Auto | | | | $ 0.00 |
|             b. Other | | | | $ 0.00 |
|             c. Other | | | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | | | $ 1,900.00 |
| 17. Other   **Average School Fees (3 children)** | | | | $ 164.00 |
|      Other   **Average Fees & tutoring (ADHD child)** | | | | $ 505.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | $ 12,084.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
     **Business Expenses are based on 6 month average**
     **Home is in foreclosure so no expense is reflected for housing**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ 12,455.00 |
| b. | Average monthly expenses from Line 18 above | $ 12,084.00 |
| c. | Monthly net income (a. minus b.) | $ 371.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Theodore G Karavidas**
        **Kathleen D Karavidas**

                                         Debtor(s)

Case No. _____

Chapter    **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

       I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**23**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **April  8, 2013**                           Signature     **/s/ Theodore G Karavidas**
                                                              **Theodore G Karavidas**
                                                              Debtor

Date   **April  8, 2013**                           Signature     **/s/ Kathleen D Karavidas**
                                                               **Kathleen D Karavidas**
                                                              Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Northern District of Illinois

In re  Theodore G Karavidas
       Kathleen D Karavidas                                              Case No.
                                              Debtor(s)                  Chapter      **7**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$63,178.00** | **2013 YTD: Husband Fee Income** |
| **$77,425.00** | **2011: Husband Fee Income** |
| **$6,600.00** | **2013 YTD: Wife Tips** |
| **$30,762.00** | **2011: Wife Tips** |
| **$78,535.00** | **2012:  Husband Fee Income** |
| **$32,539.00** | **2012 Wife Tips** |

B7 (Official Form 7) (04/13)
2

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

**3. Payments to creditors**

None
■

***Complete a. or b., as appropriate, and c.***

a.    *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **Miller Cooper**<br>**1751 Lake Cook Road**<br>**Deerfield, IL 60015** | **March, 2013 - payment for tax preparation and business accounting, including some future services** | **$3,768.00** | **$0.00** |
| **Sam Kavathas**<br>**33 N. Dearborn**<br>**Suite 502**<br>**Chicago, IL 60602** | **March, 2000 - retainer for ARDC proceeding** | **$2,000.00** | **$0.00** |
| **Joseph Bartok**<br>**C/o Roberts & Weddle**<br>**11 N. Canal**<br>**Chicago, IL 60606** | **3/25/2013 - payment to stop wage garnishment** | **$4,260.00** | **$0.00** |

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)

3

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None □  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Bartok v. Kathleen Karavidas 2012 M1 171965** | **Collection** | **Cook County** | **Judgment paid in full after garnishment** |
| **Cecchini v. Cecchini 11 CH 6902** | **Recovery of attorneys fees** | **Cook County** | **Pending** |
| **LVNV Funding v. T. Karavidas 2012 M1 147625** | **Collection** | **Cook County** | **Pending** |
| **Hinsdale Bank v. T. Karavidas 2009 M1 14765** | **Collection on repossessed car** | **Cook County** | **Post Judgment** |
| **Chase Home Finance v. Karavidas 2009 CH 39317** | **Foreclosure** | **Cook** | **Sheriff's sale confirmation hearing scheduled for 4/9/2013** |
| **Cecchini v. Karavidas 2012 L 11697** | **Legal Malpractice** | **Cook** | **Pending** |
| **Estate of Karavidas 2000 P 2961** | **Issues related to Debtor's actions as estate administrator** | **Cook** | **Pending** |

None □  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **John Bartok See answer to question 3** | | **$705.00 wage garnishment** |

**5. Repossessions, foreclosures and returns**

None ■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

B7 (Official Form 7) (04/13)
4

None
■   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None
■   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None
■   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None
☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Baldi Berg & Wallace, Ltd.** **19 South LaSalle Street** **Suite 1500** **Chicago, IL 60603** | **6/30/2008, 10/20/2011 and 3/25/2013** | **$3,250.00 (fees & costs)** |

**10. Other transfers**

None
☐   a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |
| **Miscellaneous** | | **Purchases for clothing and payment of deferred living expenses including sports fees for son made in March, 2013 from $50,000 earned attorney's fee per attached bank statement.** |

B7 (Official Form 7) (04/13)
5

None    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled
■       trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

### 11. Closed financial accounts

None    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or
■       otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other
        financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds,
        cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must
        include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed,
        unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

### 12. Safe deposit boxes

None    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year**
■       immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or
        depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
        filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

### 13. Setoffs

None    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the
■       commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both
        spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

### 14. Property held for another person

None    List all property owned by another person that the debtor holds or controls.
■

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

### 15. Prior address of debtor

None    If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor
■       occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate
        address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

### 16. Spouses and Former Spouses

None    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho,
■       Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the
        commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in
        the community property state.

NAME

B7 (Official Form 7) (04/13)
6

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☐    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Karavidas & Argionis, LLC** | | **180 N. LaSalle Suite 2200 Chicago, IL 60603** | **Law practice** | **5/2006 - 12/2007** |
| **Theodore Karavidas** | **36-3674785** | **3326 Elmdale Road Glenview, IL 60025** | **Law practice** | **3/13 - present** |

B7 (Official Form 7) (04/13)
7

None ■  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                           ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ☐  a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                           DATES SERVICES RENDERED
**Robert Sabin**
**Miller Cooper**
**1751 Lake Cook Road**
**Deerfield, IL 60015**

None ■  b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

None ■  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                           ADDRESS

None ■  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                           DATE ISSUED

---

**20. Inventories**

None ■  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY            INVENTORY SUPERVISOR            DOLLAR AMOUNT OF INVENTORY
                                                             (Specify cost, market or other basis)

None ■  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY                            NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                             RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ■  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                          NATURE OF INTEREST                          PERCENTAGE OF INTEREST

B7 (Official Form 7) (04/13)
8

| None ■ | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation. |
|--------|--------|

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|-------------------------------------------|

---

**22 . Former partners, officers, directors and shareholders**

| None ■ | a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case. |
|--------|--------|

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

| None ■ | b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case. |
|--------|--------|

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

| None ■ | If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case. |
|--------|--------|

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------------------------------------------------------|--------------------------------|-------------------------------------------------------|

---

**24. Tax Consolidation Group.**

| None ■ | If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case. |
|--------|--------|

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|----------------------------|--------------------------------------|

---

**25. Pension Funds.**

| None ■ | If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case. |
|--------|--------|

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|----------------------|--------------------------------------|

\* \* \* \* \* \*

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **April  8, 2013**                          Signature   **/s/ Theodore G Karavidas**

                                                                **Theodore G Karavidas**
                                                                Debtor


Date   **April  8, 2013**                          Signature   **/s/ Kathleen D Karavidas**

                                                                **Kathleen D Karavidas**
                                                                Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# BMO Harris Bank

A part of BMO Financial Group

Attn: Donna Wallace

BMO HARRIS BANK N.A.
P.O.  BOX 94033
PALATINE,  IL  60094-4033

177202

ACCOUNT  NUMBER:

Statement Period
02/15/13  TO  02/28/13
IM00990029000000000

01   04666

THEODORE KARAVIDAS DBA
THEODORE KARAVIDAS ATTORNEY AT LAW
3326 ELMDALE
GLENVIEW IL  60025

PAGE   1 OF  2    1/   2

0

0100

BEGINNING ON FEBRUARY 1, 2013, FOR ALL BUSINESS CHECKING ACCOUNTS, OVERDRAFT
FEES (OD) AND ITEM RETURNED FEES (NSF) WILL BE POSTED ON THE FIRST BUSINESS
DAY AFTER AN ITEM CAUSING THE FEE IS PRESENTED FOR PAYMENT.

IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US
TOLL-FREE AT 1-888-340-2265.  BMO HARRIS BANK(SM) IS A TRADE NAME USED BY
BMO HARRIS BANK N.A. MEMBER FDIC. EQUAL HOUSING LENDER. NMLS401052 VISIT US
ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

ESSENTIAL BUSINESS CKG
ACCOUNT NUMBER              (Checking)

THEODORE KARAVIDAS DBA

DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous  Balance as of February  15, 2013** | | .00 |
| 2 Deposits | (Plus) | 600.00 |
| 8 Withdrawals | (Minus) | 589.03 |
| **Ending Balance as of    February  28, 2013** | | **10.97** |

Deposits and Other Credits

| Date | Amount | Description |
|---|---|---|
| Feb 15 | 100.00 | TELLER DEPOSIT |
| Feb 22 | 500.00 | TELLER DEPOSIT |

Withdrawals and Other Debits

| Date | Amount | Description | | | |
|---|---|---|---|---|---|
| Feb 25 | 365.40 | POS PURCHASE | RECORD NO. 010024 | CARD NO. 9067 | |
| | | JOS A BANK  450 | GLENVIEW | IL | |
| Feb 25 | 23.50 | POS PURCHASE | RECORD NO. 005606 | CARD NO. 9067 | |
| | | CENTURY THEATRES 43QPS | EVANSTON | IL | |
| Feb 25 | 42.03 | POS PURCHASE | RECORD NO. 242777 | CARD NO. 9067 | |
| | | LE PEEP EVANSTON | EVANSTON | IL | |
| Feb 25 | 1.25 | POS PURCHASE | RECORD NO. 013438 | CARD NO. 9067 | |
| | | MARK VEND CO | NORTHBROOK | IL | |
| Feb 26 | 29.50 | DELUXE CHECK FEE | | | |
| | | PPD  DELUXE CHECK | CHECK/ACC. | | |
| Feb 27 | 21.98 | POS PURCHASE | RECORD NO. 978928 | CARD NO. 9067 | |
| | | WALGREENS  4611 | GLENVIEW | IL | |
| Feb 27 | 5.45 | POS PURCHASE | RECORD NO. 535327 | CARD NO. 9067 | |
| | | SUBWAY      00031419 | GLENVIEW | IL | |
| Feb 27 | 99.92 | POS PURCHASE | RECORD NO. 900220 | CARD NO. 9067 | |
| | | DOMINICKS STOR00017194 | GLENVIEW | IL | |

ORMS30039

# BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A.                          177203
P.O.   BOX 94033
PALATINE,   IL   60094-4033

ACCOUNT   NUMBER:   ████████

Statement Period
02/15/13   TO   02/28/13
IM0099002900000000

01    04666

THEODORE  KARAVIDAS  DBA                      PAGE   2 OF   2    2/   2

0

Daily Balance Summary

| Date | Balance | Date | Balance |
|------|---------|------|---------|
| Feb 15 | 100.00 | Feb 26 | 138.32 |
| Feb 22 | 600.00 | Feb 27 | 10.97 |
| Feb 25 | 167.82 | | |

DRMS30039

Important information about your Consumer Overdraft Credit Line Plan

**For overdraft credit plans with a fixed Annual Percentage Rate:**
The periodic rate and corresponding Annual Percentage Rate does not change.

**For overdraft credit plans with a variable Annual Percentage Rate:**
The periodic rate and corresponding Annual Percentage Rate for this plan is a variable rate which can change monthly. (See your account agreement for details on how the Annual Percentage Rate is determined.)

**CALCULATION OF BALANCE SUBJECT TO INTEREST RATE FOR CONSUMER OVERDRAFT CREDIT LINE ACCOUNTS**

We figure the interest charge on your account by applying the periodic rate to the "daily balance" of your account for each day in the billing cycle. To get the "daily balance" we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits. This gives us the daily balance.

The interest charge begins to accrue on the date an advance is posted to the account. The interest charge continues to accrue on the unpaid principal balance after the statement has been printed and mailed to you. There is no "grace period" or "free ride period" which would allow you to avoid an interest charge.

**WHAT TO DO IF YOU THINK YOU FIND A MISTAKE ON YOUR CONSUMER OVERDRAFT CREDIT LINE ACCOUNT STATEMENT**
If you think there is an error on your statement, write to us at: Harris, Attn: Billing Department, Servicing Dept. D, 3800 Golf Road, P.O. Box 5043, Rolling Meadows, IL 60008.

In your letter, give us the following information:
• *Account information:* Your name and account number.
• *Dollar amount:* The dollar amount of the suspected error.
• *Description of Problem:* If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement.

You must notify us of any potential errors in *writing*. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.

While we investigate whether or not there has been an error, the following are true:
• We cannot try to collect the amount in question, or report you as delinquent on that amount.
• The charge in question may remain on your statement, and we may continue to charge you interest or that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
• While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
• We can apply any unpaid amount against your credit limit.

**Credit Information**
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS AND CARD TRANSACTIONS**

Call us at 1-800-947-1066 for errors involving Card transactions, or for Electronic Transfers call 1-888-340-2265, or write to Harris, P.O. Box 94019, Palatine, Illinois 60094-4019, as soon as you can if you think your statement or receipt is wrong or if you need more information about a transfer listed on the statement or receipt. We must hear from you no later than 60 days after we sent you the first statement on which the problem or error appeared. This is the information we will need in order to help resolve the problem:

1.   Tell us your name, account number, and Card number (if applicable).
2.   Describe the error or the transaction and the date of the transaction you are unsure about, and explain why you believe it is an error or why you need more information.
3.   Tell us the dollar amount of the suspected error.

If you tell us orally, we require that you also inform of us the error in writing within ten Business Days.

We will determine whether an error occurred within 10* Business Days after we hear from you and we will correct any error promptly. If we need more time, however, by law we may take up to 45* days to investigate your complaint or question. If we decide to do this, we will provisionally credit your account within 10* Business Days for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If you fail to give us the required written confirmation of your complaint or question, then we may not credit your account or we may revoke the provisional credit we previously gave to you.

We will tell you the results of our investigation within three Business Days after completing our investigation.

*These time periods may be extended as follows. The applicable time is 20 Business Days in place of 10 Business Days for new accounts if the notice of the error involves a transfer to or from the account within the first 30 days your account is open. The applicable time is 90 days in place of 45 days if the notice of error involves a transfer that either (1) was initiated outside the U.S., (2) resulted from a Point-of-Sale transaction, or (3) occurred within the first 30 days your account is open.

| TO RECONCILE YOUR CHECKING ACCOUNT | | ① OUTSTANDING TRANSACTIONS | | | RECONCILEMENT | | |
|---|---|---|---|---|---|---|---|
| | | NUMBER | AMOUNT | | ② | | |
| 1 | List and Total all outstanding checks including those still outstanding from previous statements. | | | | ③ | | |
| 2 | Enter the "Ending Balance" shown on this statement. | | | | | | |
| 3 | Add deposits and other credits not shown on this statement. | | | | | | |
| 4 | Total | | | | | | |
| 5 | Subtract the total of outstanding checks as determined in Step 1 above. | | | | | | |
| 6 | This figure should be your checkbook balance. If it does not agree, review the above steps and if necessary, review your checkbook entries. | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | ④ | | |
| | | | | | ⑤ | | |
| | | | | | ⑥ | | |

Rev. 07/03/2012

G33ACK 2010066a

# BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A.                    173981
P.O.  BOX 94033
PALATINE,  IL   60094-4033


ACCOUNT  NUMBER:

Statement Period
03/01/13  TO  03/31/13
IM0099002900000000

01   04666

THEODORE KARAVIDAS DBA                          PAGE   1 OF   3   1/   2
THEODORE KARAVIDAS ATTORNEY AT LAW
3326 ELMDALE
GLENVIEW IL  60025

0100


IF YOU HAVE QUESTIONS ABOUT ANY OF YOUR BMO HARRIS ACCOUNTS, PLEASE CALL US
TOLL-FREE AT 1-888-340-2265.  BMO HARRIS BANK(SM) IS A TRADE NAME USED BY
BMO HARRIS BANK N.A. MEMBER FDIC. EQUAL HOUSING LENDER. NMLS401052 VISIT US
ONLINE AT WWW.BMOHARRIS.COM.

## CHECKING ACCOUNTS

ESSENTIAL BUSINESS CKG                        THEODORE KARAVIDAS DBA
ACCOUNT NUMBER                    (Checking)


DEPOSIT ACCOUNT SUMMARY

| | | |
|---|---|---|
| **Previous  Balance as of February  28, 2013** | | 10.97 |
| 7 Deposits | (Plus) | 51,738.00 |
| 51 Withdrawals | (Minus) | 32,870.28 |
| **Ending Balance as of    March    31, 2013** | | 18,878.69 |

Deposits and Other Credits

| Date | Amount | Description | | | |
|---|---|---|---|---|---|
| Mar 01 | 300.00 | TELLER DEPOSIT | | | |
| Mar 07 | 100.00 | TELLER DEPOSIT | | | |
| Mar 08 | 50,677.91 | TELLER DEPOSIT | | | |
| Mar 19 | .00 | NON-HARRIS ATM INQUIRY | | | |
| Mar 19 | .00 | NON-HARRIS ATM INQUIRY | | | |
| Mar 25 | 10.09 | POS MERCHANDISE RETURN | RECORD NO. 656463 | CARD NO. 9067 | |
| | | WWW DICKSSPORTNGGOODS | 877 846 9997 | PA | |
| Mar 25 | 650.00 | TELLER DEPOSIT | | | |

Withdrawals and Other Debits

| Date | Amount | Description | | | |
|---|---|---|---|---|---|
| Mar 04 | 30.00 | POS PURCHASE | RECORD NO. 037687 | CARD NO. 9067 | |
| | | SHELL OIL 57444088603 | DEER PARK | IL | |
| Mar 04 | 81.75 | POS PURCHASE | RECORD NO. 696826 | CARD NO. 9067 | |
| | | NORDSTROM  0223 | SKOKIE | IL | |
| Mar 04 | 37.66 | POS PURCHASE | RECORD NO. 510984 | CARD NO. 9067 | |
| | | AKAI HANA MARKET | WILMETTE | IL | |
| Mar 04 | 7.00 | POS PURCHASE | RECORD NO. 952349 | CARD NO. 9067 | |
| | | DOMINICKS STOR00017194 | GLENVIEW | IL | |
| Mar 05 | 120.00 | HARRIS ATM WITHDRAWAL | RECORD NO. 004078 | CARD NO. 9067 | |
| | | 1121 S YORK ST | ELMHURST | IL | |
| Mar 06 | 15.39 | POS PURCHASE | RECORD NO. 401618 | CARD NO. 9067 | |
| | | FEDEXOFFICE  00036145 | GLENVIEW | IL | |
| Mar 06 | 6.20 | POS PURCHASE | RECORD NO. 913547 | CARD NO. 9067 | |
| | | MCDONALD S F29955 | SCHILLER PAR | IL | |

ORMS30039

BMO Harris Bank

A part of BMO Financial Group

BMO HARRIS BANK N.A.                     173982
P.O.  BOX 94033
PALATINE,  IL  60094-4033

ACCOUNT  NUMBER: ████████████

Statement Period
03/01/13  TO  03/31/13
IM0099C02900000000

01   04666

THEODORE KARAVIDAS DBA                          PAGE   2 OF   3    2/   2

0

| Mar 11 | 3.50 | POS PURCHASE | RECORD NO. 557037 | CARD NO. 9067 |
|---|---|---|---|---|
| | | NORTHSHORE UNIVERSITY | EVANSTON | IL |
| Mar 11 | 5.60 | POS PURCHASE | RECORD NO. 225581 | CARD NO. 9067 |
| | | FAMILY VIDEO  298 | GLENVIEW | IL |
| Mar 13 | 99.00 | POS PURCHASE | RECORD NO. 053199 | CARD NO. 9067 |
| | | SHELL OIL 57444088603 | DEER PARK | IL |
| Mar 15 | 4.86 | POS PURCHASE | RECORD NO. 382613 | CARD NO. 9067 |
| | | WENDYS  1172 | GLENVIEW | IL |
| Mar 18 | 300.00 | REQUESTED WITHDRAWAL | | |
| Mar 18 | 9.22 | POS PURCHASE W/PIN | RECORD NO. 549600 | CARD NO. 9067 |
| | | MCDONALD S F4922 | GLENVIEW | IL |
| Mar 18 | 78.12 | POS PURCHASE | RECORD NO. 073887 | CARD NO. 9067 |
| | | GREENWOOD CITGO    Q39 | GLENVIEW | IL |
| Mar 18 | 67.67 | POS PURCHASE | RECORD NO. 481126 | CARD NO. 9067 |
| | | RAM RESTAURANT  WHEELI | WHEELING | IL |
| Mar 18 | 39.73 | POS PURCHASE | RECORD NO. 000593 | CARD NO. 9067 |
| | | GO ROMA NORTHBROOK | NORTHBROOK | IL |
| Mar 19 | 100.00 | HARRIS ATM WITHDRAWAL | RECORD NO. 003394 | CARD NO. 9067 |
| | | 1252 NORTH LAKE | AURORA | IL |
| Mar 19 | 400.00 | HARRIS ATM WITHDRAWAL | RECORD NO. 008233 | CARD NO. 9067 |
| | | 1134 WILLOW ROAD | NORTHBROOK | IL |
| Mar 20 | 100.93 | POS PURCHASE | RECORD NO. 786172 | CARD NO. 9067 |
| | | WWW DICKSSPORTNGGOODS | 877 846 9997 | PA |
| Mar 20 | 3.29 | POS PURCHASE | RECORD NO. 406338 | CARD NO. 9067 |
| | | MCDONALD S F72 | AURORA | IL |
| Mar 20 | 20.00 | POS PURCHASE | RECORD NO. 084290 | CARD NO. 9067 |
| | | TRAVEL SVCFEES OTHER | 800 256 9089 | TX |
| Mar 20 | 30.95 | POS PURCHASE W/PIN | RECORD NO. 331351 | CARD NO. 9067 |
| | | WALGREENS | GLENVIEW | IL |
| Mar 21 | 398.60 | POS PURCHASE | RECORD NO. 535759 | CARD NO. 9067 |
| | | USAIRWAY | SAN ANTONIO | TX |
| Mar 21 | 840.36 | POS PURCHASE | RECORD NO. 198028 | CARD NO. 9067 |
| | | PLN PRICELINE COM RNTL | 888 837 3774 | CT |
| Mar 21 | 398.60 | POS PURCHASE | RECORD NO. 535775 | CARD NO. 9067 |
| | | USAIRWAY | SAN ANTONIO | TX |
| Mar 21 | 398.60 | POS PURCHASE | RECORD NO. 535791 | CARD NO. 9067 |
| | | USAIRWAY | SAN ANTONIO | TX |
| Mar 21 | 398.60 | POS PURCHASE | RECORD NO. 535817 | CARD NO. 9067 |
| | | USAIRWAY | SAN ANTONIO | TX |
| Mar 21 | 1,000.00 | ACH DEBIT | | |
| | | WEB  CAPITAL ONE | Online Pmt | |
| Mar 22 | 43.91 | POS PURCHASE W/PIN | RECORD NO. 906623 | CARD NO. 9067 |
| | | S B MINI MART CI | WAUKEGAN | IL |
| Mar 25 | 4,260.77 | POS PURCHASE | RECORD NO. 520027 | CARD NO. 9067 |
| | | ROBERTS AND WE00 OF 00 | 312 5895800 | IL |
| Mar 25 | 2,694.61 | POS PURCHASE | RECORD NO. 010012 | CARD NO. 9067 |
| | | JOS A BANK  450 | GLENVIEW | IL |
| Mar 25 | 1,805.20 | POS PURCHASE | RECORD NO. 211049 | CARD NO. 9067 |
| | | ABT ELECTRONICS | GLENVIEW | IL |
| Mar 25 | 135.14 | POS PURCHASE W/PIN | RECORD NO. 804025 | CARD NO. 9067 |
| | | DICK S CLOTHING | ARLINGTON HBI | IL |
| Mar 26 | 1,025.46 | POS PURCHASE | RECORD NO. 579518 | CARD NO. 9067 |
| | | PLN PRICELINE COM AIR | 800 340 0575 | CT |
| Mar 27 | 8.25 | POS PURCHASE | RECORD NO. 900085 | CARD NO. 9067 |
| | | MU ENROLLMENT SRV F | 900 471 9511 | IL |
| Mar 27 | 300.00 | POS PURCHASE | RECORD NO. 100091 | CARD NO. 9067 |
| | | MU ENROLLMENT FEE | 573 882 0021 | MO |

ORMS30009

# BMO Harris Bank

A part of BMO Financial Group

|  |  |
|---|---|
| BMO HARRIS BANK N.A. | 173982 |
| P.O. BOX 94033 |  |
| PALATINE, IL  60094-4033 |  |

ACCOUNT NUMBER: ~~_____~~

Statement Period
03/01/13  TO  03/31/13
IM0099002900000000

01    04666

THEODORE KARAVIDAS DBA

PAGE   3 OF  3    2/   2

| Date | Amount | Description | | Record | Card No. |
|---|---|---|---|---|---|
| Mar 27 | 43.47 | POS PURCHASE | PROCCOLINOS RISTORANTE | RECORD NO. 400863  ORLANDO  FL | CARD NO. 9067 |
| Mar 27 | 61.63 | POS PURCHASE W/PIN | CRACKER BARREL | RECORD NO. 929736  ORLANDO  FL | CARD NO. 9067 |
| Mar 28 | 25.80 | POS PURCHASE | FRONTERA GRILL20258331 | RECORD NO. 748367  CHICAGO  IL | CARD NO. 9067 |
| Mar 28 | 33.97 | POS PURCHASE | CHILI S GRI28300002832 | RECORD NO. 364278  ORLANDO  FL | CARD NO. 9067 |
| Mar 28 | 50.00 | POS PURCHASE | UNITED | RECORD NO. 751235  800 932 2732  TX | CARD NO. 9067 |
| Mar 28 | 91.26 | POS PURCHASE | CHILI S GRI28300002832 | RECORD NO. 364674  ORLANDO  FL | CARD NO. 9067 |
| Mar 29 | 510.00 | NON-HARRIS ATM WTHDRWL | 5828 HAZELTINE | RECORD NO. 880290  ORLANDO  FL | CARD NO. 9067 |
| Mar 29 | 221.68 | POS PURCHASE | TONY ROMA S  3037 | RECORD NO. 625112  ORLANDO  FL | CARD NO. 9067 |

## Checks by Serial Number

| Date | Serial # | Amount | Date | Serial # | Amount |
|---|---|---|---|---|---|
| Mar 11 | 1001 | 4,000.00 | Mar 26 | 1005 | 1,237.50 |
| Mar 19 | 1002 | 1,000.00 | Mar 21 | 1006 | 326.00 |
| Mar 19 | 1003 | 5,000.00 | Mar 26 | 1008 * | 2,000.00 |
| Mar 19 | 1004 | 3,000.00 |  |  |  |

* Indicates break in check sequence

## Daily Balance Summary

| Date | Balance | Date | Balance |
|---|---|---|---|
| Feb 28 | 10.97 | Mar 18 | 46,183.18 |
| Mar 01 | 310.97 | Mar 19 | 36,683.18 |
| Mar 04 | 154.56 | Mar 20 | 36,528.01 |
| Mar 05 | 34.56 | Mar 21 | 32,767.25 |
| Mar 06 | 12.97 | Mar 22 | 32,723.34 |
| Mar 07 | 112.97 | Mar 25 | 24,487.71 |
| Mar 08 | 50,790.88 | Mar 26 | 20,224.75 |
| Mar 11 | 46,781.78 | Mar 27 | 19,811.40 |
| Mar 13 | 46,682.78 | Mar 28 | 19,610.37 |
| Mar 15 | 46,677.92 | Mar 29 | 18,878.69 |

**Important information about your Consumer Overdraft Line Account**

**For overdraft credit plans with a fixed Annual Percentage Rate:**
The periodic rate and corresponding Annual Percentage Rate does not change.

**For overdraft credit plans with a variable Annual Percentage Rate:**
The periodic rate and corresponding Annual Percentage Rate for this plan is a variable rate which can change monthly. (See your account agreement for details on how the Annual Percentage Rate is determined.)

**CALCULATION OF BALANCE SUBJECT TO INTEREST RATE FOR CONSUMER OVERDRAFT CREDIT LINE ACCOUNTS**
We figure the interest charge on your account. To calculate the 'daily balance' of your account for each day in the billing cycle. To get the 'daily balance' we take the beginning balance of your account each day, add any new advances, and subtract any payments or credits. This gives us the daily balance.

The interest charge begins to accrue on the date an advance is posted to the account. The interest charge continues to accrue on the unpaid principal balance after the statement has been printed and mailed to you. There is no 'grace period' which would allow you to avoid an interest charge.

**WHAT TO DO IF YOU THINK YOU FIND A MISTAKE ON YOUR CONSUMER OVERDRAFT CREDIT LINE ACCOUNT STATEMENT**
If you think there is an error on your statement, write to us at: Harris, Attn: Billing Department, Servicing Dept: D, 3800 Golf Road, P.O. Box 5043, Rolling Meadows, IL 60008.

In your letter, give us the following information:
• *Account information:* Your name and account number.
• *Dollar amount:* The dollar amount of the suspected error.
• *Description of Problem:* If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement.

You must notify us of any potential errors *in writing.* You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.

While we investigate whether or not there has been an error, the following are true:
• We cannot try to collect the amount in question, or report you as delinquent on that amount.
• The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
• While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
• We can apply any unpaid amount against your credit limit.

**Credit Information**
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS AND CARD TRANSACTIONS**
Call us at 1-800-847-1066 for errors involving Card transactions, or for Electronic Transfers call 1-888-340-2265, or write to Harris, P.O. Box 94019, Palatine, Illinois 60094-4019, as soon as you can if you think your statement or receipt is wrong or if you need more information about a transfer listed on the statement or receipt. We must hear from you, no later than 60 days after we sent you the first statement on which the problem or error appeared. This is the information we will need in order to help resolve the problem:
1. Tell us your name, account number, and Card number (if applicable).
2. Describe the error or the transaction you are unsure about, and the date of the transaction you believe it is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

If you tell us orally, we require that you also inform us of the error in writing within ten Business Days.

We will determine whether an error occurred within 10* Business Days after we hear from you and we will correct any error promptly. If we need more time, however, we may take up to 45* days to investigate your complaint or question. If we decide to do this, we will provisionally credit your account within 10* Business Days for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 Business Days, we may not credit your account or we may revoke the provisional credit we previously gave to you.

We will tell you the results of our investigation within three Business Days after completing our investigation.

*These time periods may be extended as follows: The applicable time is 20 Business Days in place of 10 Business Days for new accounts if the notice of the error involves a transfer to or from the account within the first 30 days your account is open. The applicable time is 90 days in place of 45 days if the notice of the error involves a transfer that either (1) was initiated outside the U.S., (2) resulted from a Point-of-Sale transaction, or (3) occurred within the first 30 days your account is open.

**TO RECONCILE YOUR CHECKING ACCOUNT**

| OUTSTANDING TRANSACTIONS ① | | RECONCILEMENT |
| --- | --- | --- |
| NUMBER | AMOUNT | |
| | | 1   List and Total all outstanding checks including those still outstanding from previous statements. |
| | | 2   Enter the 'Ending Balance' shown on this statement. |
| | | 3   Add deposits and other credits not shown on this statement. |
| | | 4   Total |
| | | 5   Subtract the total of outstanding checks as determined in Step 1 above. |
| | | 6   This figure should be your checkbook balance. If it does not agree, review the above steps and if necessary, review your checkbook entries. |

Date: 07/25/2012

CHECK 2/13004

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

| | |
|---|---|
| In re **Theodore G Karavidas**<br>**Kathleen D Karavidas** | Case No. _____ |
| Debtor(s) | Chapter **7** |

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

Property No. 1

| Creditor's Name:<br>-NONE- | Describe Property Securing Debt: |
|---|---|

Property will be (check one):
- ☐ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt                    ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

Property No. 1

| Lessor's Name:<br>-NONE- | Describe Leased Property: | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES      ☐ NO |
|---|---|---|

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

| Date **April  8, 2013** | Signature | **/s/ Theodore G Karavidas** |
|---|---|---|
| | | **Theodore G Karavidas**<br>Debtor |

| Date **April  8, 2013** | Signature | **/s/ Kathleen D Karavidas** |
|---|---|---|
| | | **Kathleen D Karavidas**<br>Joint Debtor |

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Theodore G Karavidas**
**Kathleen D Karavidas**

Case No. _____

Debtor(s)

Chapter  **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $ **2,814.00** |
| Prior to the filing of this statement I have received | $ **2,814.00** |
| Balance Due | $ **0.00** |

2.  $ **306.00**  of the filing fee has been paid.

3.  The source of the compensation paid to me was:

   ■ Debtor   ☐ Other (specify):

4.  The source of compensation to be paid to me is:

   ■ Debtor   ☐ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d.  [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Adversary proceedings regarding discharge or dischargeability of debt and other contested bankruptcy matters**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **April  8, 2013**

**/s/ Donna B. Wallace**
**Donna B. Wallace 6200260**
**Baldi Berg & Wallace, Ltd.**
**19 South LaSalle Street**
**Suite 1500**
**Chicago, IL 60603**
**312-726-8150  Fax: 312-332-4629**
**jabaldi@ameritech.net**

**Contract between**

**Baldi Berg & Wallace, Ltd. (a "Debt Relief Agency")**

**and**

**Theodore G and Kathleen Karavidas ("Client")**

This engagement agreement ("Contract"), dated April 2 2013, is between Baldi Berg & Wallace, Ltd. ("BBW"), a professional corporation engaged in the practice of law and a Debt Relief Agency within the meaning of title 11, United States Code (the "Bankruptcy Code") and Theodore G. and Kathleen Karavidas ("Client(s)"), being an "Assisted Person(s)" within the meaning of the Bankruptcy Code.

**Responsibilities of Client(s), Assisted Person(s)**

Client(s) agrees to:

- Discuss with BBW their objectives in filing the case;
- Provide BBW with full, accurate and timely information, financial or otherwise, including properly documented proof of income, two (2) years of tax returns, a certificate that Client has received credit counseling from an approved agency and a recent appraisal of their residence, if applicable;
- Timely provide BBW with any additional documents requested by the bankruptcy trustee or other parties in interest;
- Notify BBW of any change in address or telephone number;
- Appear punctually at the meeting of creditors with a picture identification card and proof of client's social security number;
- In a case under chapter 13, timely make all required payments to the trustee and to whatever creditors are being paid directly, or, if the required payments cannot be made, to notify BBW immediately;
- In a case under chapter 13, contact BBW immediately if the Client loses employment or experiences any other significant change in financial situation (such as serious illness, lottery winnings or inheritance);
- In a case under chapter 13, contact BBW before buying, refinancing, or selling real property, and before entering into any loan agreement.

Failure of Client to cooperate fully with BBW or comply with any request of the bankruptcy trustee or court order may result in BBW filing a motion to withdraw from representation of Client with the Bankruptcy Court.

### Services to Be Provided by BBW

Services BBW shall provide to Client shall include the following services (hereinafter defined "Standard Services"):

- Analysis of Client's financial condition;
- Advising Client as to the advisability of seeking relief in bankruptcy under either chapter 7, chapter 11 or chapter 13 of the Bankruptcy Code;
- Advising Client as to Client's eligibility to seek relief under either chapter 7, chapter 11 or chapter 13 of the Bankruptcy Code;
- Assisting Client in assembling all documents necessary for or in connection with the filing of a petition under the Bankruptcy Code;
- Advising Client as to the availability of exemptions under applicable law;
- Assisting Client in meeting all conditions precedent to filing a petition for relief under the Bankruptcy Code and in meeting all conditions precedent to obtaining a discharge, if the Client is eligible to receive a discharge;
- Preparing Client for examination at the meeting of creditors held pursuant to section 341 of the Bankruptcy Code;
- Assisting the Client with reaffirmation agreements, if applicable;
- Assisting the Client with routine lien avoidance proceedings, if applicable;
- Assisting the Client with the enforcement of the automatic stay, if required;
- Arranging for electronic filing of the Client's bankruptcy petition and supporting schedules;
- Communicating with Client's bankruptcy trustee;
- Communicating with Client's creditors, as necessary;

### Fees and Charges for Services and Terms of Payment

BBW agrees to perform Standard Services for Client in consideration for an attorneys' fee of $3,250 which includes the filing fee paid to the court, obtaining a credit report, credit counseling and post-filing debtor education. The schedule of costs customarily disbursed in connection with Standard Services is as follows:

2

- Filing Fee (Chapter 7 Case)                          $306
- Filing Fee (Chapter 13)                              $281
- Credit Report (downloadable)                         $50
- Tax Transcript Search (if required)                  $50
- Credit Counseling                                    $40
- Post Filing Debtor Education                         $40

Additional expenses may be incurred by BBW for proper representation of Client.  Client shall reimburse BBW for these costs at the actual cost to BBW.

Client has paid the sum of $3,250.00 at the execution of this Contract.  All disbursements and fees must be paid in full before BBW will file a petition under the Bankruptcy Code on behalf of Client.   Should the Client terminate the services of BBW prior to BBW filing a petition under the Bankruptcy Code on behalf of the Client, BBW shall charge Client for services rendered to date of termination at the current hourly rates.

The Bankruptcy Code requires BBW to advise Client that nothing in this Contract shall be deemed to be advice that the Client pay an attorneys' fee to the Debt Relief Agency.  Moreover, BBW states that Client should not incur additional debt in order to satisfy Client's obligations under this Contract.

**Additional Services Excluded from Contract**

Client agrees to pay an attorneys' fee for legal services beyond Standard Services ("Additional Services") at the prevailing hourly rates of BBW.  At the present time the hourly rates for paralegals and attorneys of BBW range from $190 to $450. BBW may require an additional retainer for Additional Services and shall be under no obligation to provide Additional Services without first having received an additional retainer to secure payment for such Additional Services.

Examples of Additional Services include, but are not limited to:

- Defending claims that granting bankruptcy relief to Client under the Bankruptcy Code would constitute "Abuse" within the meaning of the Bankruptcy Code;
- Defending claims that one or more of Client's debts are non-dischargeable;

3

- Defending matters arising from Client's false statements made in connection with the Bankruptcy Petition, Schedules, Statement of Financial Affairs or any documents provided in support thereof.

### Acknowledgement of Receipt of Disclosures

Client acknowledges that Client has received copies of all disclosure documents attached to this Contract.  These documents include:

- Notice to Individual Consumer Debtor under §342(b)
- Disclosure Pursuant to §527(a)(2)
- Disclosure Pursuant to §527(b)
- Disclosure Pursuant to §527(c)
- Statement of Information required by 11 U.S.C. 341
- A list of Approved Credit Counselors unless the counseling has been ordered by Baldi & Associates and the charge included in Client's fee.

THE BANKRUPTCY CODE REQUIRES BALDI BERG & WALLACE, LTD. TO EXPLICITLY AND CONSPICUOUSLY INFORM YOU THAT:

## WE ARE A DEBT RELIEF AGENCY, WE HELP PEOPLE FILE FOR BANKRUPTCY RELIEF UNDER THE BANKRUPTCY CODE

**Baldi Berg & Wallace, Ltd.**
**A Debt Relief Agency**

By: _Donna Beth Wallace_

**Client**
**Assisted Person(s)**

4

B 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Theodore G Karavidas**
     **Kathleen D Karavidas**

                                    Debtor(s)

Case No.

Chapter     **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Theodore G Karavidas**
**Kathleen D Karavidas**

Printed Name(s) of Debtor(s)

Case No. (if known) _____

X  **/s/ Theodore G Karavidas**          **April  8, 2013**

Signature of Debtor                    Date

X  **/s/ Kathleen D Karavidas**          **April  8, 2013**

Signature of Joint Debtor (if any)     Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Theodore G Karavidas**
      **Kathleen D Karavidas**

Debtor(s)

Case No. _____

Chapter    **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:         **37**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    **April  8, 2013**

**/s/ Theodore G Karavidas**
**Theodore G Karavidas**
Signature of Debtor

Date:    **April  8, 2013**

**/s/ Kathleen D Karavidas**
**Kathleen D Karavidas**
Signature of Debtor

American Express
Po Box 3001
16 General Warren Blvd
Malvern, PA 19355


Anthony Siragusa
505 N. McClurg Court
Chicago, IL 60611


Armor Systems Co
1700 Kiefer Dr
Ste 1
Zion, IL 60099


Asset Acceptance Llc
Po Box 1630
Warren, MI 48090


Asset Acceptance, LLC
P.O. Box 2036
Warren, MI 48090


Asset Recovery Solutions
2200 E. Devon
Des Plaines, IL 60018-4501


Bank of America
Attn: Bankruptcy - Dept NC4-1050314
P.O. Box 26012
Greensboro, NC 27420


Best Buy
Retail Services
P.O. Box 15521
Wilmington, DE 19850-5521


Cap One
26525 N Riverwoods Blvd
Mettawa, IL 60045


Capital 1 Bank
Attn: Bankruptcy Dept.
Po Box 30285
Salt Lake City, UT 84130

Capital One
Bankruptcy Recovery Department
PO Box 5155
Norcross, GA 30091


Chase Home Finance, LLC
c/o Golan & Christie
70 West Madison, Suite 1500
Chicago, IL 60602


Credit Collection Services
Two Wells Ave.
Dept AMFA
Newton Center, MA 02459


Donald L Newman & Assoc.
77 W. Washington
Suite 702
Chicago, IL 60602


Firsel Law Group
PO Box 1599
Lombard, IL 60148-8599


Freedman Anselmo
1807 West Diehl Road, Suite 333
PO Box 3228
Naperville, IL 60566


GEMB / ABT
PO Box 960061
Orlando, FL 32896-0061


Hinsdale B&t
25 E First St
Hinsdale, IL 60521


Illinois Department of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph Street
Chicago, IL 60606


Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn
Chicago, IL 60604

James Young
680 N. Lake Shore Drive
Apt 621
Chicago, IL 60611


John Vondran
330 Euclid
Winnetka, IL 60093


Lillian Karavidas
4941 N. Keeler
Chicago, IL 60630


Lvnv Funding Llc
Po Box 740281
Houston, TX 77274


Maries Liquor, Inc
4127-29 W. Lawrence
Chicago, IL 60630


Michael & Lynn Koehler
3 High Point Drive
Lake Zurich, IL 60047


Midland Funding
8875 Aero Dr Ste 200
San Diego, CA 92123


Mitchell Ex
5348 N. Wayne Street
Chicago, IL 60640


Nadine Karavidas
4941 N. Keeler
Chicago, IL 60630


NCO Financial Systems
507 Prudential Road
Horsham, PA 19044


Peoples Bank of Arlington Heights
c/o Golan & Christie
70 West Madison, Suite 1500
Chicago, IL 60602

Perry Mandera, President
Custom Companies
317 W. Lake
Northlake, IL 60164-2433


Perry Mandera, President
Custom Companies
317 W. Lake
Northlake, IL 60164


Richard J. Boudreau & Assoc.
6 Manor Parkway
Salem, NH 03079


Rocky Quiroga
2408 Indian Ridge Drive
Chicago, IL 60626


Susan Renschler
C/o Donald L Johnson
33 N Dearborn, Suite 1401
Chicago, IL 60602


Weltman, Weinberg & Reis Co, L.P.A.
180 N. LaSalle St., Suite 2400
Chicago, IL 60601